Kudishev v. Lynch

BIA
Page, IJ
A078 521 004

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand sixteen.

PRESENT:
        REENA RAGGI,
        RICHARD C. WESLEY,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*
_____

GENNADY KUDISHEV, AKA GENNADI KUDISHEV, AKA GENNADY GAVRILETS, AKA GENNADIY ANDREYEVICH GAVRILETS,
        *Petitioner,*

        v.                                          15-580
                                                    NAC
LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Regis Fernandez, Esq., Newark, New
                                                    Jersey.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy

Assistant Attorney General, Mary Jane Candaux, Assistant Director, Matthew A. Connelly, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gennady Kudishev, a native of Uzbekistan and citizen of the Russian Federation, seeks review of a February 19, 2015 decision of the BIA denying his motion to reopen. *In re Gennady Kudishev,* No. A078 521 004 (B.I.A. Feb. 19, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, "mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). An alien seeking to reopen proceedings may move to reopen no later than 90 days after the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This

2

limitations period may be equitably tolled to accommodate a claim of ineffective assistance of counsel. *See Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008). To decide whether a claim warrants equitable tolling, we engage in a two-step inquiry: first, we determine "whether and when the ineffective assistance '[was], or should have been, discovered by a reasonable person in the situation.' Then, petitioner bears the burden of proving that he has exercised due diligence in the period between discovering the ineffectiveness of his representation and filing the motion to reopen." *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (quoting *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000)). The petitioner must demonstrate "due diligence" in pursuing a claim "during the entire period he . . . seeks to toll." *Rashid*, 533 F.3d at 132.

Kudishev's petition fails this inquiry. In denying his motion to reopen, the BIA reasoned that Kudishev knew, or should have known, during his removal proceedings "of the possibility of removal to Russia and that his prior counsel waived an application for asylum." App'x 3. That conclusion is supported by the record. It was clear throughout the immigration court proceedings that Russia was a possible

3

country of removal. During a November 2005 hearing, Kudishev declined to designate a country of removal, and the Government designated Uzbekistan with an alternative to the Russian Federation. It was also clear that Kudishev waived any application for asylum, withholding of removal, and United Nations Convention Against Torture ("CAT") relief. At the November 2005 hearing, the immigration judge ("IJ") warned that if Kudishev failed to submit the application form, then the IJ would assume he waived the application. At a February 2006 hearing, Kudishev's attorney confirmed that Kudishev waived the application. And at a December 2008 hearing, the IJ asked Kudishev, "What if you had to go to Russia, the Federation, not Uzbekistan?" Admin. Record 562. Having just described his lack of business connections in Uzbekistan, Kudishev responded: "I think Russia is even more dire condition. It's even worse than, than over there. Because in Russia they would, they would just fire people, throw them out to the street with no prospects of getting any work ever." *Id*. Thus, given the opportunity to voice a fear of physical harm upon returning to Russia, Kudishev did not, thereby confirming his prior waiver. Finally, the IJ's December 2010 written decision ordered

4

Kudishev removed to Russia and listed his applications for relief, which did not include CAT relief. On this record, the BIA acted within its discretion in determining that Kudishev did not exercise due diligence between when he should have discovered the purported ineffectiveness (at the latest, in December 2010) and when he filed his motion to reopen (in January 2015). *See Jian Hua Wang*, 508 F.3d at 715.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5